## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Jose Zuniga,<br><br>　　　　　　　　　　Debtor. | Case No. 19 BK 19410<br><br>Chapter 13<br><br>Hon. Jack B. Schmetterer |

### MEMORANDUM OPINION ON MOTIONS TO DISMISS [DKT. NOS. 29 & 31]

Tom Vaughn, chapter 13 Trustee, (the "Trustee") and Creditor Wells Street Management, LLC, ("Wells") now moves to dismiss Debtor Jose Zuniga's ("Debtor") chapter 13 bankruptcy case. For the reasons articulated below, the Trustee and Wells' Motions to Dismiss will be **GRANTED** by separate order to be entered concurrently herewith.

### BACKGROUND

Debtor, an individual, filed the instant chapter 13 bankruptcy case on July 11, 2019 (the "Bankruptcy Case"). [Dkt. No. 1]. Debtor's chapter 13 Plan was due by July 25, 2019. [Dkt. No. 1]. Debtor did not file his Plan by July 25, 2019. On July 26, 2019, the Trustee filed a Motion to Dismiss for Failure to File a Plan. [Dkt. No. 14]. On July 29, 2019, Debtor filed his Plan. [Dkt. No. 23]. On July 30, 2019, Creditor Ford Motor Credit Company LLC filed an Objection to Confirmation of Plan. [Dkt. No. 24]. On August 7, 2019, an Order was entered withdrawing the Trustee's Motion to Dismiss for Failure to File a Plan. [Dkt. No. 27].

The 341(a) meeting of creditors was to be held on August 7, 2019. [Dkt. No. 5]. The aforementioned meeting of creditors was not held due to Debtor's failure to attend the meeting. [Dkt. Nos. 28 & 29]. On August 9, 2019, the Trustee filed a Motion to Dismiss for Unreasonable Delay for failing to attend the 341(a) meeting. [Dkt. No. 29]. On August 31, 2019, Wells filed an Objection to Confirmation of Plan as well as a Motion to Dismiss alleging bad faith filing by Debtor. [Dkt. Nos. 30 & 31]. On August 28, 2019, two Orders were entered requiring Debtor to file Answers to both the Trustee and Wells' Motions to Dismiss by September 25, 2019. [Dkt. Nos. 36 & 37]. No Answers were filed. Instead, on September 25, 2019, Debtor filed a Response only to Wells' Motion to Dismiss. [Dkt. No. 39].

### JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding was thereby referred here by Operating Procedure 15(a) of the United States District Court for the

Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L).

## DISCUSSION

Dismissal of a chapter 13 bankruptcy case is governed by Section 1307 of Title 11. *See* 11 U.S.C. § 1307. Dismissal under this provision is a contested matter. Fed. R. Bankr. P. 1017(f)(1); *see also* Fed. R. Bankr. P. 9014. In a contested matter, a bankruptcy court has discretion to direct that an Answer be filed in response to a pleading. *See* Fed. R. Bankr. P. 7008; Fed. R. Bankr. P. 9014(c) (applying Rule 8 of the Federal Rules of Civil Procedure to contested matters). In response to a pleading, a party must admit or deny the allegations asserted; failure to deny an allegation constitutes an admittance. Fed. R. Civ. P. 8(b)(1), (6); *Nat'l Acceptance Co. of Am. v. Bathalter, 705 F.2d 924*, 926 (7th Cir. 1983). Responses to pleadings must be made "in numbered paragraphs, first setting forth the complete content of the paragraph to which the response is directed, and then setting forth the response." LBR 5005-3; Fed. R. Bankr. P. 9029.

In the Trustee's Motion to Dismiss, the Trustee alleges that Debtor's failure to attend the scheduled 341(a) meeting caused unreasonable delay prejudicial to creditors. In Wells' Motion to Dismiss, Wells alleges that Debtor has a history of filing bankruptcy solely to frustrate collection and foreclosure actions. Specifically, Wells asserts that:

1. In 2013, Debtor filed his first bankruptcy hours before trial was to commence in a state civil lawsuit against Debtor for fraud.[1]

2. In 2014, after it obtained a judgment against Debtor for fraud and negligence, Debtor engaged in various efforts to defraud his creditors, including the fraudulent transference of assets. After Wells initiated proceedings in 2016 to freeze and turnover assets, Debtor immediately filed his second bankruptcy. Pursuant to a settlement agreement with Debtor and Wells, the second prior bankruptcy was also voluntarily dismissed.

3. In 2018, after Debtor failed to comply with the settlement agreement and Wells began mortgage foreclosure actions, Debtor immediately filed the present Bankruptcy Case.

Wells furthermore alleges that Debtor filed the present Bankruptcy Case to avoid a citation examination, avoid the appointment of a receiver on certain real estate owned by Debtor, and to place a stay on rent payments generated by Debtor's real estate in a state court action in the Circuit Court of Cook County, Illinois (the "State Court Case"). Wells additionally asserts that Debtor

---

[1] That prior bankruptcy was voluntarily dismissed.

2

failed to attend his 341(a) meeting to avoid a thorough examination of his assets and that Debtor's chapter 13 Plan contains various inaccuracies and deficiencies regarding Debtor's income, expenses, and the debt owed to Wells. Specifically, Wells argues that Debtor's income, which is not properly calculated and fails to account for stated monthly expenses, is insufficient to pay the Debtor's debts per the Plan. As such, Wells argues that Debtor filed the Bankruptcy Case in bad faith solely to avoid losing possession of real estate property and to avoid making payment on the debt to Wells; therefore, the Bankruptcy Case should be dismissed pursuant to 11 U.S.C. § 1307(c) and 11 U.S.C. § 1325(a).

None of the foregoing allegations were denied. In Response to Wells' Motion to Dismiss, Debtor does not deny Wells' allegations of fraud. Debtor admits that Wells moved for a citation exam and an appointment of a receiver on Debtor's real property in the State Court Case and that he filed the Bankruptcy Case as it "was necessitated by Wells Streets' aggressive collection tactics." [Dkt. No. 31]. Debtor further admits that he did not attend the 341(a) meeting of creditors because he "had not completed his 2018 income taxes [then]," but makes no mention of Wells' allegations that he is trying to avoid a thorough examination of his assets and expenses. [Dkt. No. 31]. Debtor does not deny Wells' contention that the failure to attend the 341(a) meeting prejudiced Wells. Other than a brief explanation of the discrepancy between Wells' proof of claim and the secured debt listed in the Plan,[2] Debtor does not respond to Wells' various allegations regarding the alleged errors in Debtor's calculations of his income and expenses listed in the Plan. Instead, Debtor merely states, without any support in facts, that the "proposed Chapter 13 plan payment [of] $9,500 . . . is sufficient to pay all of his debts over the life of the 60 month plan" and argues, without any basis, that the Plan was "proposed in good faith, and meets the confirmation criteria of 11 U.S.C. § 1325." [Dkt. No. 39].

In this contested proceeding, under Bankruptcy Rule 9014, an Answer to the Trustee and Wells' Motions to Dismiss was required in the form provided by Local Bankruptcy Rule 5005-3, as adopted by Bankruptcy Procedure Rule 9029. In regard to the Trustee's Motion to Dismiss, Debtor did not Answer as ordered. Therefore, it is deemed admitted that Debtor's failure to attend the 341(a) meeting caused unreasonable delay prejudicial to creditors in violation of 11 U.S.C. § 1307(c). In regard to Wells' Motion to Dismiss, Debtor never filed an Answer in the format

---

[2] Specifically, Debtor states that the amount of the secured debt listed in the Plan was taken directly from a citation notice filed by Wells back on June 27, 2019 in the State Court Case.

3

required as ordered; instead, it filed a Response. However, Debtor's Response to Wells' Motion to Dismiss was neither properly set out nor did it properly deny most of the facts alleged in the Motion to Dismiss. Therefore, Wells' undenied allegations are deemed admitted. Fed. R. Civ. P. 8(b)(1), (6).

## CONCLUSION

Accordingly, under these circumstances, given the admitted and undenied allegations, it is appropriate to dismiss the case. The Trustee and Wells' Motions to Dismiss will be **GRANTED** by separate order entered concurrently herewith.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 2 day of October, 2019